(No. 5942—

ALLISON WELLS, Claimant, *vs.* STATE OF ILLINOIS, and THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Respondent.

*Opinion filed March 17, 1977.*

JAMES THOMAS DEMOS, Attorney for Claimant.
ROBERT L. ARTZ, Attorney for Respondent.

HOLDERMAN, J.

The uncontested facts of this case are that on January 6, 1970, Allison Wells, female, age 20, a student at Southern Illinois University, was walking close to the edge of the public sidewalk in front of the Life Science Building at the University when a portion of the sidewalk under her right foot gave way causing her to

fall to the ground. As a result of the fall, she sustained a fracture of her right wrist.

Claimant testified that after she fell, she observed that a piece of the sidewalk had broken off.

Claimant's claim is based upon the doctrine of res ipsa loquitur and alleges that the sidewalk was under the control of Respondent, and that the negligence of the Respondent resulted in the damage sustained by Claimant.

It is Claimant's contention that the State of Illinois was guilty of negligence by reason of res ipsa loquitur, and the Respondent contends the doctrine of res ipsa loquitur is not applicable because there is no evidence in the records that indicates that employees of Southern Illinois University were negligent in carrying out the duty to see that the sidewalks were safe.

The only evidence introduced was to the effect that there had been a snowstorm in the area, and that the University had cleaned the walks and salted the same. This was proven by the Superintendent of Student Buildings and Grounds of the University.

The Respondent also alleges that the doctrine of res ipsa loquitur should not be applied in this case because there were specific acts of negligence on the part of the Claimant. It is Respondent's contention that to rely on this doctrine, the charge must be general and not specific negligence. The Respondent also raises the question of whether or not there was contributory negligence on the part of Claimant because she was walking along the edge of the sidewalk.

This Court, in the case of *Charles M. Kenney, Administrator, etc. vs. State of Illinois*, 22 Ill.Ct.Cl. 247, held as follows:

Under the maxim res ipsa loquitur, our Courts have announced many times that where a thing, which has caused injury, is shown to be under the management of the party charged with negligence, an accident is such as in the ordinary course of things does not happen, if the management uses proper care. The accident itself affords reasonable evidence in the absence of an explanation by the party charged, that it arose from want of proper care.

In the case of *McCleod vs. Nel-Co Corp.*, 112 N.E.2d 501, 350 Ill.App. 216, plaintiff rented a room in a hotel and, while in bed, plaster fell from the ceiling and landed on the head of the plaintiff. The Court in this case invoked the doctrine of res ipsa loquitur and stated:

... (R)equirement that before the rule of res ipsa loquitur can be applied it must appear that the instrumentality was under the management and control of the defendant does not mean or is not limited to actual physical control, but refers rather to the right of control at that time.

It is undisputed in this case that the university did have control of the sidewalk. The Court finds no evidence of contributory negligence on the part of Claimant.

It is the opinion of this Court that the Respondent is liable for the damage inflicted on Claimant.

The Court hereby makes an award to Claimant, Allison Wells, for her medical expenses and pain and suffering in the amount of Two Thousand Five Hundred Dollars ($2,500.00).